# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MIRANDA JO HUFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 11-0116-CV-W-FJG |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner, Social Security | ) |
| Administration | ) |
| | ) |
| Defendant. | ) |

## ORDER

This is a proceeding under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. and Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq. On December 11, 2006, plaintiff filed her application. Plaintiff's application was denied initially. Thereafter, plaintiff requested an administrative hearing. On August 26, 2009, following the hearing the ALJ rendered a decision finding that plaintiff was not under a "disability" as defined under the Social Security Act. On December 11, 2010, the Appeals Council denied plaintiff's request for review. Thus, the decision of the ALJ stands as the final decision of the Commissioner. The facts and arguments are presented in the parties' briefs and will not be repeated here.

Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), provides for judicial review of a "final decision" of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act, 42 U.S.C. § 1383(c)(3), provides for judicial review to the same extent as the Commissioner's final determination under section 205. Judicial review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether there exists substantial evidence in the record as a whole to support the decision of the Commissioner. Siemers v. Shalala, 47 F.3d 299, 301 (8th Cir. 1995). This determination

requires review of the entire record, including both evidence in support of, and in opposition to, the Commissioner's decision. Fountain v. Railroad Retirement Bd., 88 F.3d 528, 530 (8th Cir. 1996). The Court's role, however, is not to re-weigh the evidence or try the issues de novo. Craig v. Chater, 943 F. Supp. 1184, 1188 (W.D. Mo. 1996) (citing McClees v. Shalala, 2 F.3d 301, 302 (8th Cir. 1993)). When supported by substantial evidence, the Commissioner's findings are conclusive and must be affirmed. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Substantial evidence is more that a mere scintilla but less than preponderance. It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Johnson v. Chater, 108 F.3d 178, 179 (8th Cir. 1997)(citing Clark v. Chater, 75 F.3d 414, 416 (8th Cir. 1996)). The substantial evidence standard, however, presupposes a zone of choice within which the decision makers can go either way, without interference by the courts. Clarke v. Bowen, 843 F.2d 271, 272-73 (8th Cir. 1988). "[A]n administration decision is not subject to reversal merely because substantial evidence would have supported an opposite decision." Id. Hence, "if it is possible to draw two inconsistent positions from the evidence and one of those positions represents the agency's finding, we must affirm the decision." Roe v. Chater, 92 F.3d 672, 675 (8th Cir. 1996) (quoting Robinson v. Sullivan, 956 F.2d 836, 838 (8th Cir. 1992)).

An individual claiming disability benefits has the burden of proving he or she is unable to return to the type of work in which he or she was formerly engaged due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d) (1) (A). If the claimant succeeds, the burden of production shifts to the commissioner to establish that plaintiff can perform some other type of substantial gainful activity in the national economy. See Young v. Apfel, 221 F.3d 1065, 1069, n. 5 (8th Cir. 2000); see also, 68 Fed. Reg. 51,153 - 51,163 (August 26, 2003); 20 C.F.R. § 404.1560(c)(2).

Under the Act, "An individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. §§ 423(d)(2)(C) and 1382c(J). Alcohol or drug addiction is "material" if the individual would not still be found disabled if alcohol or drug use were to cease. See 20 C.F.R. §§ 404.1535 and 416.935.

The Court has reviewed the parties' briefs and the record below. Despite this searching review, the Court cannot find substantial evidence in the record to support the Commissioner's decision. Specifically, while the ALJ found that while Ms. Huffman met the "Listing of Impairments" as to listings 12.04 (Affective Disorders); 12.06 (Anxiety Related Disorders); 12.08 (Personality Disorders); and 12.09 (Substance Abuse Disorders) (Tr. 14-15), the ALJ also found that plaintiff would not be disabled absent the effects of substance abuse (Tr. 15-22).

Contrary to the ALJ's findings, substantial evidence in the record establishes that plaintiff's drug and alcohol abuse was substantially in remission after she was involved in an automobile accident in March 2008 and was hospitalized for internal injuries and fractures for many weeks, followed by nursing home stays and physical rehabilitation. Despite not having access to street drugs or alcohol for weeks at a time, plaintiff experienced several documented instances of severe mental illness while recovering from her automobile accident (see (1) Tr. 425-27, psychiatric consult at Nebraska Medical Center, where she was assessed with delirium due to her medical condition and assessed at GAF score of 25; (2) Tr. 291, 295-96, KU Medical Center psychiatric consult, where she was actively hallucinating, unable to answer questions appropriately at times, with a GAF of 35; (3) Tr. 508-09, psych report dated April 24, 2008, noting that when plaintiff was admitted to KU Medical Center she was confused and delirious and was therefore treated with Risperdal, and further noting that she "still talks with a pressure, changes her mind

3

quickly, and [is] somewhat impulsive," further noting she "is somewhat labile in her mood. Talking loudly with rapid thoughts. . . . The patient is difficult to assess for memory as she is tangential in her thoughts and will not focus on memory questions. She does know she is at Research Psychiatric Center," giving her a GAF score of 40; and (4) Tr. 469-70, Treatment note dated June 3, 2008, finding that she "was clearly delirious", and the patient has "rapid fluctuations in mood, clear syndrome of mania, hypermania, and capital-D depression. Right now, is in a mixed syndrome of bipolar disorder with low moods, negativity, hopelessness, fluctuating with increased irritability, elation, laughing inappropriately, over-friendliness, pressured speech, intrusiveness, etc.," assessing her GAF score at 42). These GAF scores are similar to those plaintiff received while using drugs and alcohol, and demonstrate serious symptoms that would interfere with occupational functioning.

Furthermore, the treatment notes referenced by the ALJ for the proposition that claimant continued to abuse drugs and/or alcohol following her accident do not in fact demonstrate continuing abuse; as noted by plaintiff, two of those instances when read in context stand for the proposition that plaintiff had a past drug abuse problem as they were treatment notes made while plaintiff had been continually hospitalized (see Tr. 292, treatment note dated April 11, 2008) or made prior to her accident (see Tr. 379, made in February 2008). Further, the treatment note dated July 2, 2008 indicated that she used methamphetamine one to three times per month over the past six months, which is not inconsistent with her assertion she stopped using drugs in March 2008. See Tr. 363.

Thus, the Court finds that the medical evidence of record does not demonstrate that plaintiff's condition improved following cessation of alcohol and substance abuse. Therefore, the Court finds there is not substantial evidence in the record that substance abuse is a material factor in plaintiff's disability. Further, the Court finds the ALJ erred in discounting plaintiff's credibility for having "a sporadic work history with below average

4

wages," (Tr. 19), as the record demonstrates that plaintiff (who alleges a disability onset in 2004 when she was 28 years old) earned over $18,000 per year every year after she turned 22 years old until she claimed she became disabled, including earnings of $46,353.82 in 2001.

Reversal and entry of judgment may be appropriate when a remand would only serve to delay the award of benefits. Porch v. Chater, 115 F.3d 567, 573 (8th Cir. 1997) (citing Andler v. Chater, 100 F.3d 1389, 1394 (8th Cir. 1996)). The Court finds that the record in this case unquestionably supports an award of benefits.

Accordingly, it is hereby **ORDERED** that plaintiff's claim, as stated in her brief (Doc. # 9) is **GRANTED**, and the decision of the Commissioner is hereby reversed and judgment shall be entered awarding plaintiff benefits.

Date: August 15, 2011　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　Chief United States District Judge